## TERRITORY *v.* D. E. METZGER.

### No. 1674.

APPEAL FROM DISTRICT MAGISTRATE OF SOUTH HILO.

SUBMITTED MAY 28, 1926.                    DECIDED JUNE 1, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

CRIMINAL LAW—*county primaries—filing statement of expenses.*

Under section 63, R. L. 1925, a candidate for nomination in a primary election for county officers is required to file a statement of his expenses with the secretary of the Territory and not with the county clerk.

SAME.

Other sections referred to in opinion do not by implication substitute the county clerk for secretary of Territory as the officer with whom statement of expenses must be filed.

OPINION OF THE COURT BY BANKS, J.

On November 18, 1925, the district magistrate of South Hilo, County of Hawaii, upon the affidavit of A. A. Hapai, county clerk of said county, issued a complaint against D. E. Metzger, appellant, charging that Metzger, having been a candidate for nomination for the office of supervisor of said county at the primary election held October 10, 1925, failed to file with the county clerk, within twenty days following said election, an itemized statement of his expenses as such candidate. Metzger demurred to the complaint. The demurrer was overruled and the defendant pleaded not guilty. Upon trial he was convicted and given a suspended sentence. Thereupon an appeal was taken to this court on points of law.

One of the questions raised by the demurrer is whether it was the duty of the appellant to file with the county clerk a statement of his expenses. Section 63, R. L. 1925, is the only provision of our statutes relating to the duty of candidates for election to file a statement of their expenses. This section is as follows: "Election expenses, statement. Within twenty days following any election, each candidate and each agent or committee acting for or on behalf of any candidate, shall file with the secretary of the Territory an itemized statement of his or their expenses by, for, or on behalf of the candidate for election, showing each amount expended, the purpose or object for which each expenditure was made, and the person or persons to whom made; which statement shall be sworn to by each person making the expenditures and shall be open to public inspection." Under this section candidates are required to file statements with the secretary of the

Territory. It is contended by the Territory that certain other sections of the Revised Laws create the implication that so far as county elections are concerned it was the intention of the legislature that statements of expenses should be filed with the county clerk and not with the secretary of the Territory. We have examined the statutes referred to and find nothing in any of them that supports this contention. Section 35, for instance, provides that in county primaries the chairman of the board of supervisors shall submit to the county clerk a written notice of the candidates to be voted for and prescribes the duties of the clerk with reference to the election. Section 39 relates to the time when and the officers with whom nomination papers shall be filed. Section 54 simply makes the general election laws, so far as they are consistent, applicable to primary elections. There is not the slightest reference in any of these sections to the duty of candidates to file statements of their expenses or the officer with whom they shall be filed.

Another question raised by the demurrer is whether a primary is an election within the meaning of the law. It is unnecessary to decide this question.

The judgment of the district magistrate is reversed and the case remanded with instructions to sustain the demurrer.

*W. H. Beers,* County Attorney of Hawaii, and *A. G. Correa,* Deputy County Attorney of Hawaii, for the Territory.

Defendant in person.